IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**MARIJO ZIETLOW**
1017 Race St.
Wisconsin Dells, WI 53965

**MICHAEL YOUNG**
31121 Exodus Ave. Lot 13A
Warrens, WI 54666

**KERRY GILLESPIE**
720 Race St.
Wisconsin Dells, WI 53965

          Plaintiff,

          Case No. 14-cv-768

   vs.

**TASTE OF NEW ORLEANS, INC.**
c/o Sam S. Rotolo Jr.
468 Broadway St.
Wisconsin Dells, WI 53965

**ALABAMA'S DIXIELAND BAR-B Q, INC.**
c/o Sam S. Rotolo Jr.
414 Broadway St.
Wisconsin Dells, WI 53965

**SAM S. ROTOLO JR.**
468 Broadway St.
Wisconsin Dells, WI 53965

          Defendants.

## COMPLAINT

The Plaintiffs, Marijo Zietlow, Michael Young, and Kerry Gillespie, by their

attorneys, Hawks Quindel, S.C., David C. Zoeller and Caitlin M. Madden, for their

Complaint against Defendants, Taste of New Orleans, Inc., Alabama Dixieland Bar-B Q, Inc., and Sam S. Rotolo Jr., state as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Marijo Zietlow was employed by Defendants between June 2011 and September 2014 as a manager and a waitress. During the entirety of her employment, she was paid a fixed salary without regard to the number of hours she worked.

2. Plaintiff Michael Young was employed by Defendants between February and September 2014 as a cook.

3. Plaintiff Kerry Gillespie was employed by Defendants between June and September 2014 as a dishwasher.

4. During Plaintiffs' employment, Defendants regularly suffered and permitted Plaintiffs to work over forty (40) hours per work week without compensating them overtime wages. Additionally, there were weeks during Plaintiffs' employment in which the wages Defendants paid them were insufficient to meet the minimum wage requirements of the Fair Labor Standards Act and Wisconsin law.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiffs' claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendants operate two restaurants in this district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

7.     Plaintiff Marijo Zietlow ("Zietlow") is an adult resident of the state of Wisconsin, residing at 1017 Race Street, Wisconsin Dells, Wisconsin. Zietlow's signed consent form is filed as Exhibit A to this Complaint.

8.     Plaintiff Michael Young ("Young") is an adult resident of the state of Wisconsin, residing at 31121 Exodus Avenue, Lot 13A, Warrens, Wisconsin. Young's signed consent form is filed as Exhibit A to this Complaint.

9.     Plaintiff Kerry Gillespie ("Gillespie") is an adult resident of the state of Wisconsin, residing at 720 Race Street, Wisconsin Dells, Wisconsin. Gillespie's signed consent form is filed as Exhibit A to this Complaint.

10.     Defendant Taste of New Orleans, Inc. is a domestic close corporation owned and operated by Sam S. Rotolo Jr., located at 452 Broadway, Wisconsin Dells, Wisconsin.

11.     Defendant Alabama's Dixieland Bar-B Q, Inc. is a domestic close corporation owned and operated by Sam S. Rotolo Jr., located at 414 Broadway, Wisconsin Dells, Wisconsin.

12.     Sam S. Rotolo Jr. ("Rotolo") is an adult resident of Wisconsin Dells, Wisconsin. Rotolo manages the day to day operations of Taste of New Orleans, Inc.

and Alabama's Dixieland Bar-B Q, Inc., including, during the term of their employment, Plaintiffs' work hours and method and amount of pay. Rotolo is an employer within the meaning of 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), Wis. Stat. § 104.01(3), and Wis. Stat. § 109.01(2). Rotolo, Taste of New Orleans, Inc., and Alabama's Dixieland Bar-B Q, Inc. are referred to collectively as "Defendants."

## ALLEGATIONS

13. During some or all of the three years preceding the filing of this Complaint, Rotolo employed Plaintiffs at his restaurants, Taste of New Orleans and Alabama's Dixieland Bar-B Q.

14. At all material times, Zietlow worked for Defendants as a manager and a waitress.

15. At all material times, Young worked for Defendants as a cook.

16. At all material times, Gillespie worked for Defendants as a dishwasher.

17. During the three-year period preceding the filing of this Complaint, Defendants suffered and permitted Plaintiffs to work more than forty (40) hours per work week but failed to pay them overtime compensation.

18. During the three-year period preceding the filing of this Complaint, the wages Defendants paid Plaintiffs were insufficient to pay them the federal or Wisconsin minimum wage for the hours they worked.

## FIRST CAUSE OF ACTION:
### FAILURE TO PAY OVERTIME AND MINIMUM WAGES IN VIOLATION OF THE FLSA

19. Paragraphs 1-18 of this Complaint are re-alleged as though set forth here in full.

20. The FLSA, 29 U.S.C. § 206, requires each covered employer to compensate all employees at a rate no less than the federal minimum wage for all hours worked.

21. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

22. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

23. At all relevant times, Plaintiffs were employees of Defendants as defined by 23 U.S.C. § 203(e).

24. During her employment with Defendants, and within the applicable statute of limitations, Zietlow was paid a fixed salary at a rate of between $150 and $200 per week, regardless of the number of hours that she worked.

25. During his employment with Defendants, and within the applicable statute of limitations, Gillespie was paid $8.50 per hour for forty (40) hours of work per week, regardless of the actual number of hours that he worked.

26. During his employment with Defendants, and within the applicable statute of limitations, Young was paid $8.50 per hour for forty (40) hours of work per week, regardless of the actual number of hours that he worked.

27. During their employment with Defendants, and within the applicable statute of limitations, Plaintiffs were regularly suffered and permitted to work in excess of forty (40) hours per work week without overtime compensation.

28. During their employment with Defendants, and within the applicable statute of limitations, Plaintiffs were regularly suffered and permitted to work hours for which they were compensated at less than the federal minimum wage.

29. During some or all of the applicable statute of limitations, Plaintiffs were not exempt from overtime pay or minimum wage pay under any of the FLSA exemptions.

30. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., including but not limited to, 29 U.S.C. § 207 and 29 U.S.C. § 206. As a result of these unlawful practices, Plaintiffs have suffered a wage loss.

31. Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiffs overtime and minimum wage compensation in violation of the FLSA.

**SECOND CAUSE OF ACTION:**
**FAILURE TO PAY OVERTIME AND MINIMUM WAGES**
**IN VIOLATION OF WISCONSIN LAW**

32. Paragraphs 1-31 of this Complaint are re-alleged as though set forth here in full.

33. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. § 104.02, Wis. Stat. § 109.03, Wis. Admin. Code DWD § 272.03, and Wis. Admin Code DWD § 274.03.

34. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of Wis. Stat. § 103.01(5), Wis. Stat. § 104.01(3), and Wis. Stat. § 109.01(1r).

35. At all relevant times, Plaintiffs were employees of Defendants within the meaning of Wis. Stat. § 103.01(6), Wis. Stat. § 104.01(2), and Wis. Stat. § 109.01(2).

36. Wis. Stat. § 104.02 and Wis. Admin. Code DWD § 272.03 require an employer to pay employees at least the minimum wage prescribed by Wis. Admin. Code DWD § 274.03 for all hours worked.

37. Wis. Stat. § 103.03 and Wis. Admin. Code. DWD § 274.03 require an employer to pay employees overtime wages for all hours worked over forty (40) per work week.

38. Wis. Stat. § 109.03 requires employers to pay all wages earned by an employee within thirty-one (31) days of the date the wages were earned.

39. During their employment with Defendants, and within the applicable statute of limitations, Plaintiffs regularly worked hours for which they were compensated at less than the minimum wage prescribed by Wis. Admin. Code DWD § 274.03 for all hours worked.

40. During their employment with Defendants, and within the applicable statute of limitations, Plaintiffs were regularly suffered and permitted to work in excess of forty (40) hours per work week without overtime compensation.

41. As a result of Defendants' willful failure to pay minimum wages earned and due to Plaintiffs, Defendants have violated Wis. Stat. §§ 103.03, 104.02, 109.03, Wis. Admin. Code DWD § 272.03, and Wis. Admin. Code DWD § 274.03.

42. Plaintiffs seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants, as provided by Wis. Stat. § 109.03(6).

43. Plaintiffs seek damages in the amount of unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03, 109.03, Wis. Admin. Code DWD § 272.03, and Wis. Admin Code DWD § 274.03 and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

WHEREFORE, Plaintiffs demand judgment against Defendants, awarding them:

A. The overtime and minimum wage compensation owed to Plaintiffs under 29 U.S.C. §§ 206 and 207 for the three-year time period prior to the commencement of this action;

B. The minimum and overtime wage compensation owed to Plaintiffs under Wis. Stat. §§ 103.03, 104.03 and 109.03 for the two-year time period prior to the commencement of this action;

C. Liquidated damages in an amount equal to the amount awarded to her as overtime and minimum wage compensation as provided in 29 U.S.C. § 216(b);

D. Penalties due under Wis. Stat. § 109.11;

E.      All attorneys' fees incurred by Plaintiffs in prosecuting this action, and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and,

F.      Such other legal and equitable relief as this Court deems just and necessary to vindicate Plaintiffs' rights under Wisconsin law and the Fair Labor Standards Act.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: November 12, 2014.

                HAWKS QUINDEL, S.C.
                *Attorneys for Plaintiffs*

                By: */s/ David C. Zoeller*
                David C. Zoeller, State Bar No. 1052017
                Email: dzoeller@hq-law.com
                Caitlin M. Madden, State Bar No. 1089238
                Email: cmadden@hq-law.com
                222 West Washington Avenue, Suite 450
                Post Office Box 2155
                Madison, Wisconsin 53701-2155
                Telephone: 608/257-0040
                Facsimile: 608/256-0236